# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| GARLAND HOUSTON REYES,<br><br>                Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                Defendant. | 2:22-cv-00826-VCF<br><br>**<u>ORDER</u>** |

This matter involves Plaintiff Garland Houston Reyes' appeal from the Commissioner's final decision denying his social security benefits. Before the Court are Reyes' motion for reversal or remand (ECF No. 20), the Commissioner of Social Security's motion to affirm (ECF No. 21), and Plaintiff's reply in support of his motion for reversal or remand (ECF No. 21). For the reasons stated below the Court DENIES Reyes' motion to reverse or remand and GRANTS the Commissioner's motion to affirm.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

## DISCUSSION

### I.   Factual Background

The ALJ applied a five-step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Reyes suffered from a severe combination of impairments including severe lumbar disc prolapse/spondylosis of the lumber spine with radiculopathy and lumber facet hypertrophy with middle to moderate foraminal stenosis (20 CFR 416.920(c)). AR 21. The ALJ examined relevant medical evidence including opinions of State Agency medical consultants, Susan Ribeiro, M.D., D. Chan, M.D., Susan Kotler, Ph.D., and Paula Kresser, Ph.D., Mark Short, Psy.D., Joseph Noya, P.A., and records of medical treatment. The ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P,

Appendix1 (20 CFR 416.920(d), 416.925 and 416.926), thus the ALJ denied his social security benefits. (AR 15-29).

The ALJ concluded that plaintiff had residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except he is able to climb ramps and stairs frequently; he cannot climb ladders, ropes or scaffolds. He is able to balance frequently and to stoop, kneel, crouch and crawl occasionally. He is able to operate foot controls with his left lower extremity occasionally. Plaintiff requires the ability to sit or stand at will and is anticipated to have no more than five percent of the work day off task for changing positions. (AR 23).

The ALJ also found that plaintiff meets the insured status requirements of the Social Security Act. Overall, the ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from January 23, 2019, through the date of the decision on April 23, 2021. (AR 29).

Plaintiff challenges the ALJ's finding that the ALJ failed to properly adjudicate plaintiff's entire disability claim and that the ALJ failed to properly determine that plaintiff's mental impairments were non-severe.

The Commissioner argues that the ALJ properly weighed the medical evidence, including evidence that Plaintiff is not disabled. (ECF No. 21).

**II.    Analysis**

**A. Whether the ALJ failed to properly consider plaintiff's employment from November 9, 2018 through January 22, 2019 was unsuccessful work attempt.**

Plaintiff challenges that the ALJ failed to properly consider whether his employment from November 9, 2018 through January 22, 2019 was unsuccessful work attempt ("UWA"), and that the ALJ's failure was error. (ECF No. 20).

A UWA is "work that [a claimant is] forced to stop or to reduce below the substantial gainful activity level after a short time because of [his] impairment." 20 C.F.R. § 416.974(a)(1); see also Social

Security Ruling 84-25: Titles II & XVI: Determination of Substantial Gainful Activity if Substantial Work Activity is Discontinued or Reduced — Unsuccessful Work Attempt (1984), available at 1984 WL 49799. For employment to qualify as a UWA, three conditions must be met:

> 1. Before the claimed UWA, Plaintiff must have had a "significant break" in his work history. 20 C.F.R. § 416.974(c)(2); SSR 84-25, 1984 WL 49799 at *2. The break must have been caused by Plaintiff's alleged impairment or "the removal of special conditions related to the impairment that are essential to the further performance" of Plaintiff's work. Id.
> 2. The claimed UWA must have lasted for six months or less. 20 C.F.R. § 416.974(c)(1), (c)(4); see also SSR 84-25, 1984 WL 49799 at *3 ("SGA-level work lasting more than 6 months cannot be a UWA regardless of why it ended or was reduced to the non-SGA level.").
> 3. Plaintiff must have ended the claimed UWA because of his alleged impairment or because of the removal of special conditions that "took into account" his impairment and permitted him to work. 20 C.F.R. § 416.974(c)(3).

Plaintiff asserts that the ALJ did not "consider" whether his employment from November 9, 2018 through January 22, 2019 was a UWA. (ECF No. 20). However, Plaintiff made no attempt to show that this was error. Plaintiff did not attempt to meet his burden to prove that his employment was a UWA. Plaintiff did not present any evidence that the break in his work history was caused by his alleged impairment or the removal of special conditions related to the impairment (first factor), or that his claimed UWA ended because of his alleged impairment or the removal of special conditions related to the impairment (third factor).5 See generally Motion at 7-8; see also *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief") (internal quotation marks and citations omitted); Carmickle v. Comm'r, Soc. Sec. Admin.,

533 F.3d 1155, 1161 n.2 (9th Cir. 2008) ("We do not address this finding because [claimant] failed to argue this issue with any specificity in his briefing."). Plaintiff may not address these factors for the first time in his reply. See *Thrasher v. Colvin*, 611 F. App'x 915, 918 (9th Cir. 2015) ("These arguments are waived because they were not raised in the opening brief."); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("an argument raised for the first time in a reply brief . . . is not an argument that we may consider here").

Even if the ALJ concluded that Plaintiff's employment was a UWA, the ALJ's error was harmless. Plaintiff argues that the ALJ "did not consider disability between the date of the application [February 5, 2018] and January 22, 2019" and that the Court should remand for "consideration of disability during the unadjudicated period." (ECF NO. 20).  For a person to be eligible for SSI benefits, he must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A) (emphasis added). Plaintiff's allegedly "unadjudicated period" — February 5, 2018 to January 22, 2019 — is less than 12 months.  The ALJ found that Plaintiff was not disabled from January 23, 2019 through April 23, 2021, thus, it is irrelevant whether Plaintiff had a disabling impairment from February 5, 2018 to January 22, 2019.

**B. Whether the ALJ failed to properly determine that plaintiff's mental impairments were non-severe.**

The ALJ considered and analyzed the record evidence, including Plaintiff's medical records and self-reports, and reasonably concluded that Plaintiff's mental impairments were non-severe. As discussed below, substantial evidence supports the ALJ's decision.

At step two of the sequential evaluation process, a claimant must prove that he has an impairment that is so severe that it "significantly limits [his] physical and mental ability to do basic work activities." 20 C.F.R. § 416.920(c); Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011); see also

20 C.F.R. § 416.922(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). When determining whether a mental impairment is severe, the ALJ must assess a claimant's abilities to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage himself. 20 C.F.R. § 416.920a(c)(3). In general, a claimant must have a moderate, or extreme limitation in at least one of the four functional areas for his mental impairment to be severe. 20 C.F.R. § 416.920a(d)(1).

The ALJ did not "interpret raw medical data in functional terms" to determine that Plaintiff's mental impairments were non-severe. Instead, the ALJ considered the evidence, including Plaintiff's medical records and the state agency doctors' findings and opinions, determined which evidence and opinions were persuasive and which were not, and reasonably concluded that Plaintiff's mental impairments were non-severe. (AR 21-22, 25-27). Plaintiff cannot prevail on appeal by argument that the ALJ should have weighed the evidence differently. Plaintiff points to the findings and opinions from Drs. Kotler, Kressler, and Short to support his argument, but he never challenges the ALJ's conclusion that those findings and opinions were not persuasive. (See AR 25-27). See *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (courts "will not manufacture arguments for an appellant").

The ALJ considered plaintiff's symptoms and the findings and opinions of Drs. Kotler, Kressler, and Short. The ALJ stated that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. (AR 24). The ALJ stated that Dr. Short's findings regarding plaintiff's memory, attention span and concentration supports some limitations, but Dr. Short's opinion is not persuasive because additional evidence since his examination shows the plaintiff's mental impairments are non-severe and cause no more than mild limitations. (AR 26).

The ALJ also considered the opinions of Dr. Susan Kotler and Paula Kresser but found that their opinions are not persuasive because evidence shows that the plaintiff's mental impairments are non-severe. (AR 27). Plaintiff's treatment notes show that he reported some nightmares but he generally denied any depression, anxiety or panic attacks. Plaintiff's mood and affect were normal and he was noted to be pleasant and cooperative. Plaintiff's recent/remote memory was normal and his attention and concentration were adequate. The ALJ states that there is no evidence of substance abuse that caused any worsening of plaintiff's mental health symptoms. *Id.*

Plaintiff did not establish that the ALJ's findings were unreasonable. In a substantial evidence review, "a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek*, 139 S.Ct. at 1154 (citation omitted); see also *Owen v. Saul*, 808 F. App'x 421, 423 (9th Cir. 2020) ("[Claimant] argues that the ALJ erred, because Dr. Bowes described clinical findings that supported her opinion. [Claimant] then summarizes other findings that support Dr. Bowes['] opinion. However, this simply highlights a conflict in the evidence. Resolving conflicts is the ALJ's responsibility and prerogative, and, because the ALJ's interpretation of the evidence is 'rational,' it must be upheld."). Substantial evidence supports the ALJ's conclusion that Plaintiff's mental impairments were non-severe.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Reyes's motion to reverse or remand (ECF No. 20) is DENIED, and that the Commissioner's motion to affirm (ECF No. 21) is GRANTED.

The Clerk of Court is directed to enter final judgment in favor of defendant.

DATED this 15th day of December 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE